**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0098-16T2

IN THE MATTER OF THE ESTATE
OF MILDRED SUESSER, deceased.

_____

Submitted October 18, 2017 – Decided November 29, 2017

Before Judges Currier and Geiger.

On appeal from Superior Court of New Jersey,
Chancery Division, Hudson County, Docket No.
311916.

Mariniello & Mariniello, PC, attorneys for
appellants Linda Bickhardt and Anna Sheftall
(Joseph R. Mariniello, on the brief).

Levine DeSantis, LLC, attorneys for respondent
Sandra Pine (Steven D. Grossman and Peter
Nichols, on the brief).

PER CURIAM

Linda Bickhardt and Anna Sheftall appeal from that portion
of a July 29, 2016 order declaring a July 22, 2013 deed to be
valid.[1]  Appellants contended the deed was fatally defective and
the product of undue influence.  Despite these contentions, the
trial court declared the deed valid.  After a careful review of

_____

[1] The parties do not appeal the remaining aspects of the order.

the record and applicable principles of law, we vacate the trial court's determination that the deed was valid and remand for further proceedings.

I.

Following the death of her husband, decedent Mildred Suesser was the fee simple owner of a condominium unit (the Apartment[2]) located in West New York, New Jersey. On January 5, 2012, decedent executed a deed prepared by attorney Maria I. Lewie conveying her ownership interest in the Apartment to herself and Sandra Pine as tenants in common. Approximately one and one-half years later, Lewie prepared a "correction deed" (the 2013 Deed) for the purpose of conveying the Apartment to decedent and Pine as joint tenants with a right of survivorship. Although the 2013 Deed would have affected Pine's undivided one-half interest in the property, it identified decedent as the sole grantor. However, when it was executed on July 22, 2013, it was signed by both decedent and Sandra Pine. On the same day they executed the deed, both decedent and Pine executed a seller's residency certification/exemption form. They also executed identical affidavits of consideration. The seller's residency certification/exemption form listed both

---

[2] Because the parties refer to the condominium unit as the Apartment, we will do likewise.

decedent and Pine as the sellers. Similarly, the affidavit of consideration signed by Pine identified her as a grantor.

On January 28, 2016, Hudson County Protective Services filed a guardianship application to adjudicate the mental capacity of decedent, who they alleged was a vulnerable adult. The application sought the appointment of a limited guardian to manage her affairs. On March 7, 2016, letters of temporary guardianship pendente lite were issued. Unfortunately, decedent died on March 22, 2016, during the pendency of that action.

Decedent left a June 13, 2014 Will (the Will). The Will names Linda Bickhardt and Anna Sheftall as co-executors of the estate. The Will devises and bequeaths one-third of the residuary estate to decedent's niece, Evelyn Beauregard, one-third to decedent's niece, Sandra Pine, and one-third to the United States Holocaust Memorial Museum.

The Will also contains an in terrorem clause, otherwise known as a no-contest clause, which provides that if any beneficiary contests the probate or validity of the Will, "then all benefits provided for such beneficiary shall be revoked and such benefits shall pass" to the remaining residuary beneficiaries in proportion to their respective shares.

Beauregard served as decedent's caregiver for many years, residing with her in the Apartment. Beauregard continued to live there after decedent's death.

On March 29, 2016, Pine filed a caveat against the Will. On May 18, 2016, Pine filed a three-count verified complaint seeking appointment of a temporary administrator (count one), a judgment declaring the Deed valid, creating a joint tenancy with a right of survivorship (count two), and removal of Beauregard from the Apartment (count three). On June 3, 2016, the court issued an order to show cause why judgment should not be entered: (1) appointing a temporary administrator for the Estate; (2) declaring the Deed valid and enforceable; (3) declaring that upon decedent's death on March 22, 2016, ownership of the Apartment transferred by operation of law from decedent and Pine to Pine as the surviving joint tenant; (4) declaring that Pine has sole individual title to the Apartment; (5) granting Pine possession of the Apartment; and (6) ordering Beauregard to vacate the Apartment unit. Bickhardt and Sheftall filed an answer and counterclaim. The answer did not assert undue influence as an affirmative defense.

On May 27, 2016, Bickhardt and Sheftall filed a verified complaint for probate of the Will in solemn form, appointing them co-executors of the Estate, and setting aside the caveat filed by Pine. On June 3, 2016, the trial court issued an order to show

cause why judgment should not be entered: (1) probating the Will dated June 13, 2014; (2) issuing letters testamentary to Bickhardt and Sheftall as co-executors; (3) setting aside the caveat filed by Pine; and (4) in the alternative, appointing Bickhardt and Sheftall as temporary co-administrators, to serve without bond. Pine filed an answer and separate defenses on July 18, 2016.

During the probate proceeding, appellants filed certifications of Sheftall, Bickhardt, Gary M. Lachman, the attorney who drafted the Will, and Alexander L. Locatelli, an attorney who witnessed the execution of the Will. None of these certifications addressed the issue of alleged undue influence relating to the 2013 Deed.

Both orders to show cause stated that the court would entertain argument, but not testimony, on the return date, unless the parties were advised to the contrary before the hearing. The parties were not advised prior to the hearing that the court would hear testimony that day.

Appellants relied, in part, on the pleadings and reports filed in the guardianship action. The certification of psychologist Peter Economou, Ph.D, opined that decedent suffered from "significant functional impairment and lack[ed] the cognitive functioning to make decisions." His findings were based on an evaluation performed on January 6, 2016. We note, however, that

decedent's Will, which appellants sought to probate, was executed on June 13, 2014, more than ten months after the deed was executed. Notably, while Pine is a beneficiary of the Will, appellants do not allege that the Will was the product of undue influence.

Appellants contend the correction deed came about after Pine, not decedent, contacted Lewie and informed her that decedent, who was by that time residing in an assisted living facility, wanted to change title to the Apartment from tenants in common to joint tenants with the right of survivorship.

Pine filed two certifications authored by Lewie, the attorney who drafted both deeds, in support of her claim that the 2013 deed was valid. In her certifications, Lewie described her actions and encounters with decedent. In particular, she related the facts surrounding the preparation and execution of the 2013 Deed in considerable chronological detail.

The opposing orders to show cause were heard by the trial court on July 29, 2016. Appellants did not have the opportunity to conduct any discovery. When asked by the judge whether there was an intent to take testimony, even if not that day, counsel for Bickhardt and Sheftall answered, "there was not intent for me to have testimony taken . . . ." When later asked by the judge if he intended to take testimony from the two witnesses who were in the courtroom, counsel again answered in the negative. The judge

subsequently asked counsel, "you want me to decide the case based on the papers and your arguments today, is that accurate[?]" Counsel answered, "That's correct, that's what I'm seeking."

Later during oral argument, however, counsel stated: "I don't think that issue can be settled at this point in time without a factual plenary hearing." When confronted by the judge regarding this statement in light of what he stated earlier, counsel stated:

> No, I — I'm telling you that I think your resolving today may be a determination that there is more information that you need regarding the deeds prior to you making a decision. That's all I'm saying to you, I'm not saying the Court can't decide.
>
> And the point of the matter is there's a legal question. Why didn't — if they were all there, why didn't Mrs. Pine and Ms. Susser simply sign as grantors and grantees, and then there would be no question that title could have been transferred. You can't give what you don't have in real estate. In fact, you can't do that in life. But that's my argument here.

Appellants contend on appeal that any indication to the trial court that it could render a decision without hearing testimony was limited to their affirmative claims. They now argue that they did not waive their right to discovery and a plenary hearing regarding their claim that the 2013 deed was the product of undue influence.

7

They further claim the submissions from the guardianship action and the facts surrounding the preparation of the 2013 deed established a confidential relationship and suspicious circumstances. In that regard, their attorney stated:

> Your Honor, this — when [Mr. Grossman] says there's no evidence of undue influence, that bespeaks a[n] ignorance of the past file you had before you. There's no question that both [Beauregard] and Pine were in a position of il — influence, and were in a position of trustworthiness.
>
> And ther[e]'s no question, according to Mr. Joya, that there was in some way a vulnerable adult who was pushed and pulled by both these parties.

After hearing lengthy oral argument the judge took the matter under advisement and issued a July 29, 2016 order. The order: (1) removed the caveat filed by Pine; (2) admitted the Will to probate; (3) issued letters Testamentary to Bickhardt and Sheftall as co-executors; (4) declared that no bond shall be required; (5) denied appointment of a temporary administrator; and (6) declared the 2013 Deed valid, creating a joint tenancy with a right of survivorship.

With regard to the conclusion that the deed was valid, the trial court found that

> the Deed is facially valid pursuant to the statutory requirements of N.J.S.A. 46:4-1 et seq., and that the intention of the parties appears clear from the face of the Deed, see

A-0098-16T2

> > Boylan v. Borough of Point Pleasant Beach, 410
> > N.J. Super. 564, 569 (App. Div. 2009), and
> > finally, that the extrinsic evidence
> > surrounding the Deed resolves any and all
> > ambiguities as to the intent of the parties,
> > see [i]bid. . . .

This appeal followed.

On September 22, 2016, the judge issued a supplemental written opinion setting forth her findings of fact and legal analysis. With regard to her ruling that the 2013 Deed was valid, the judge stated:

> The requirements for a short form deed are enumerated in N.J.S.A. 46:4-1 et seq. The 2013 Deed meet those requirements. However, the Deed contains an error, because both Decedent and []Pine should have been listed as grantors. After the 2012 Deed was executed, Decedent and [] Pine owned the Apartment as tenants in common. Therefore, Decedent alone could not have conveyed a joint tenancy with a right of survivorship to herself and [] Pine.

> In determining the meaning of a deed, the prime consideration is the intent of the parties. See e.g., Normanoch Association, Inc. v. Baldasanno, 40 N.J. 113, 125 (1963); Hagaman v. Board of Ed., 117 N.J. Super, 446, 451 (App. Div. 1971). Courts must examine the language of the deed as a whole, including surrounding circumstances, when determining the intent of the parties. Hammett v. Rosensohn, 26 N.J. 415, 423 (1958); Boylan v. Borough of Pt. Pleasant Beach, 410 N.J. Super. 564, 569 (App. Div. 2009).

> This Court finds that the Deed is facially valid pursuant to the statutory requirements of N.J.S.A. 46:4-1 et seq., and that the

intention of the parties appears clear from the face of the Deed, see Boylan v. Borough of Point Pleasant Beach, 410 N.J. Super., 564, 569 (App. Div. 2009), and finally, that the extrinsic evidence surrounding the Deed resolves any and all ambiguities as to the intent of the parties, see Ibid.. The weight of the evidence suggests that Decedent and [] Pine intended to create a joint tenancy with right of survivorship in the Apartment. The language on the face of the Deed and the supporting documents suggest that this was the desired tenancy. Further, the Certification of [] Lewie, the scrivener of the Deed, avers that this was Decedent's intention and she fully comprehended the legal ramifications of such a Deed (that title to the Apartment would pass to [] Pine upon Decedent's death by operation of law).

Accordingly, the Court finds that that 2013 Deed was valid to create a joint tenancy with right of survivorship to Decedent and [] Pine. As such, the Apartment now belongs fully to [] Pine.

Appellants raise the following issues on appeal: (1) the trial court erred in finding the 2013 deed valid making Pine the sole owner of the Apartment; and (2) the trial court erred by failing to conduct a plenary hearing on the issue of undue influence.

II.

We normally defer to the factual findings of a trial judge.

The scope of an appellate court's review of a trial court's fact-finding is a limited one. Trial court findings are ordinarily not disturbed unless "they are so wholly unsupportable as to result in a denial of

10

justice," and are upheld wherever they are "supported by adequate, substantial and credible evidence."

[*Meshinsky v. Nichols Yacht Sales, Inc.*, 110 N.J. 464, 475 (1988) (quoting *Rova Farms Resort v. Investors Ins. Co.*, 65 N.J. 474, 483-84 (1974)).]

*See also* *In re Trust Created by Agreement Dated Dec. 20, 1961, ex rel. Johnson*, 194 N.J. 276, 284 (2008).

"A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." *Manalapan Realty, L.P. v. Twp. Comm.*, 140 N.J. 366, 378 (1995). "On appeal, a trial judge's statutory interpretation is reviewed de novo." *In re Estate of Fisher*, 443 N.J. Super. 180, 190 (App. Div. 2015) (citation omitted), *certif. denied*, 224 N.J. 528 (2016).

III.

We first address appellants' claim that the trial court erred by deciding this matter without conducting a plenary hearing. Appellants correctly point out that both orders to show cause stated that "[t]he [c]ourt will entertain argument, but not testimony, on the return date of the Order to Show Cause, unless the [c]ourt and parties are advised to the contrary before the return date." The parties were not advised before the return date that the court would entertain testimony.

Appellants contend that the colloquy with the court regarding whether there was an intent to take testimony related only to appellants' claims to probate the Will, issue letters testamentary to them, and set aside the caveat filed by Pine.

While counsel seemingly agreed that the trial court could decide the legal issue of the validity of the 2013 Deed without taking testimony, appellants argue that counsel's statement was not a waiver of the right to a plenary hearing with regard to the issue of undue influence. They point out that counsel later advised the court: "I don't think that issue can be settled at this point in time without a factual plenary hearing."

Given the language in the orders to show cause and what may have been no more than innocent miscommunication, we decline to hold that appellants waived the right to conduct discovery or a plenary hearing on the issue of undue influence.

We next address appellant's claim that the 2013 Deed was the product of undue influence by Pine. Pine argues there is no evidence of undue influence. Appellants claim the circumstances under which the 2013 Deed was drafted raise questions as to whose intent was really reflected in the deed, decedent's or Pine's.

Appellants maintain there are significant factual issues regarding whether decedent was the victim of undue influence, obligating the court to hear oral testimony and consider other

evidence, rather than deciding the issue exclusively on the written submissions. They point to the confidential relationship between decedent and Pine, who was her niece. They also emphasize the fact that Lewie represented both decedent and Pine with regard to the 2013 Deed transaction. Based on the confidential relationship and the alleged suspicious circumstances, appellants contend that they satisfied their burden of proof which Pine failed to rebut.

The law of undue influence is well settled. A decedent's bequest may be overturned if it is proven to be the product of undue influence. Haynes v. First Nat'l State Bank, 87 N.J. 163, 176 (1981). "Undue influence" has been defined as a "mental, moral or physical exertion" that destroys the "free agency of a testator by preventing the testator from following the dictates of his own mind and will and accepting instead the domination and influence of another." Ibid. (citations omitted). However, "not all influence is 'undue' influence." In re Livingston's Will, 5 N.J. 65, 73 (1950).

The first element necessary to raise a presumption of undue influence is a "confidential relationship" between the decedent and the beneficiary. Haynes, supra, 87 N.J. at 176. The second element necessary to raise a presumption of undue influence is the presence of "suspicious circumstances." Ibid. When both elements are present, a presumption of undue influence arises, shifting the

burden of proof to the proponent of the instrument, who must, under normal circumstances, overcome the presumption by a preponderance of the evidence. Id. at 177-78 (citations omitted).

"In respect of an inter vivos gift, a presumption of undue influence arises when the contestant proves that the donee dominated the will of the donor, or when a confidential relationship exists between donor and donee[.]" Pascale v. Pascale, 113 N.J. 20, 30 (1988) (citations omitted).

A confidential relationship has also been described as one where "the relations between the parties are of such a character of trust and confidence as to render it reasonably certain that the one party occupied a dominant position over the other and that consequently they did not deal on terms and conditions of equality." Estate of Ostlund v. Ostlund, 391 N.J. Super. 390, 402 (App. Div. 2007) (citation omitted).

In order to raise a presumption of undue influence, a confidential relationship and suspicious circumstances must be present, but the suspicious circumstances need only be "slight." In re Estate of Stockdale, 196 N.J. 275, 303 (2008); Haynes, supra, 87 N.J. at 176. Once the presumption of undue influence arises, "both the burden of proof . . . and the burden of going forward with proof, shift to proponent and are identical and coincident."

In re Week's Estate, 29 N.J. Super. 533, 539 (App. Div. 1954); accord, Haynes, supra, 87 N.J. at 177-79.

Evidence of undue influence varies from case to case, with the relationship of the parties being a significant factor. See, e.g., Albright v. Burns, 206 N.J. Super. 625, 635 (App. Div. 1986) (describing how, based on a nephew and uncle's relationship, a confidential relationship may be presumed). Here, Pine was the decedent's niece. A fiduciary relationship may arise between aunt and niece by reason of their closeness, family relationship, or entrustment. See ibid.

Appellants' argument on the return date of the order to show cause regarding the issue of undue influence was minimal. They contend, however, that the record before the trial court, which included the guardianship pleadings and reports, was sufficient to demonstrate the confidential relationship between decedent and her niece, as well as suspicious circumstances surrounding the preparation and execution of the 2013 Deed.

We fully recognize that the court might have thought that appellants did not seek to undertake discovery, submit briefing, or produce testimony on the issue of undue influence given counsel's comments during oral argument. However, we decline to deprive litigants of their day in court based on what seems to have been a misunderstanding caused by counsel's failure to

effectively communicate their request for discovery and a plenary hearing.

In her supplemental opinion, the judge recounts the opposing contentions of the parties regarding whether the 2013 Deed was the product of undue influence. However, the order and supplemental opinion do not reflect whether the judge made an independent decision based upon an analysis of those contentions, the underlying facts, and the applicable law. Moreover, we are unable to determine whether the judge correctly declared the 2013 Deed valid because the judge failed to make any findings of fact supporting her determination or otherwise sufficiently expressing her reasoning as to whether the deed was the product of undue influence. In that regard, the judge did not indicate whether she concluded that appellants failed to adequately plead, prosecute, or prove their claim of undue influence. Nor did the judge indicate whether a confidential relationship and suspicious circumstances existed. Consequently, she also did not indicate whether the burden of proof shifted.

We cannot determine on this record whether the undue influence claim was even considered, let alone whether it was denied for procedural or substantive reasons. We are, therefore, constrained to vacate the portion of the order declaring the 2013 Deed valid and remand for further proceedings consistent with this opinion.

A-0098-16T2

In light of our ruling, we need not reach the issue whether the 2013 Deed was invalid because it did not identify Pine as a grantor. Even if otherwise legally sufficient, the deed is not valid if it was the product of undue influence.

On remand the trial court is directed to conduct a case management conference within thirty days to address any need for additional discovery and a testimonial hearing. The judge will make the subsequent determination whether the 2013 Deed was the product of undue influence.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION